Date signed March 22, 2007



DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | | |
|---|---|---|---|
| In Re: | * | | |
| MICHAEL JAMES LUTHER | * | Case No. | 06-16303DK |
| | * | Chapter | 7 |
| | * | | |
| | * | | |
| Debtor(s) | * | | |

**MEMORANDUM OF DECISIONS**

Related to this Court's Order Converting Case from Chapter 11 to a Case Under Chapter 7, entered on January 23, 2007 (paper no. 188) (hereinafter "Order Converting Case"), the Debtor has filed the following pleadings. On March 12, 2007, the Debtor, Michael James Luther, pro-se, filed, inter alia, a Motion for Leave to Appeal (paper no. 250), and a Motion Seeking Retroactive Extension of Time to File Notice of Appeal (paper no. 249). Also on March 12, 2007, the Debtor filed a Notice of Appeal containing a hand-written date in the body thereof of March 12, 2007 (paper no. 251), a Notice of Appeal containing a hand-written date in the body thereof of January 29, 2007 (paper no. 252), an Appeal Information Report (paper no. 253), and an Application for Waiver of Filing Fee for Notice to Appeal (paper no. 254). The text of the two Notices of Appeal (paper nos. 251 and 252), both filed on March 12, 2007, are identical except for the hand-written dates contained therein. Previously, the Debtor filed a Motion to Stay Pending Appeal (titled "Amended Motion for Stay Pending Appeal") on February 26, 2007 (paper no. 228) and an Application for

Waiver of Filing Fee for Notice to Appeal (paper no. 229).

On March 15, 2007, the United States Trustee filed an omnibus Opposition to the Motion to Stay Pending Appeal (paper no. 228), Motion for Leave to Appeal (paper no. 250), Motion Seeking Retroactive Extension of Time to File Notice of Appeal (paper no. 249), as well as the two Notices of Appeal (paper nos. 251 and 252). For the reasons set forth in this Memorandum of Decisions, this court will enter orders denying the Motion Seeking Retroactive Extension of Time to File Notice of Appeal (paper no. 249), the Motion for Stay Pending Appeal (paper no. 228) and the Applications to Waive Filing Fees (paper nos. 229 and 254). In addition, this court will transmit to the United States District Court for the District of Maryland the two Notices of Appeal (paper nos. 251 and 252) along with any record designated by the parties in accordance with Federal Rule of Bankruptcy Procedure 8007(b), the Motion for Leave to Appeal (paper no. 250), the Omnibus Opposition of the United States Trustee, and a Report and Recommendation recommending that the Motion for Leave to Appeal and Notices of Appeal be dismissed.

As recited by the Omnibus Opposition of the United States Trustee, this case was commenced by the filing of a voluntary petition under Chapter 11 by the Debtor on October 11, 2006. Also as recited by the Omnibus Opposition, the Debtor has filed numerous pleadings in the case. Many of these pleadings have contained confusing legal jargon that may amalgamate parts of different legal actions into one document. This court cannot tell whether this method of proceeding results from Debtor's inexperience, or whether Debtor is advised and provided documents for filing by an undisclosed person giving ill founded advice and misinformation.[1] Because of the numerous

---

[1] During various hearings during this case in response to questions from the court seeking illumination on the matters submitted by Debtor, Debtor has been observed reading from pleadings which he has filed, in a manner that would appear to indicate that he was not the drafter of such documents.

2

documents filed by Debtor and previous appeals on matters unrelated to the subject of the Notices of Appeal filed on March 12, 2007, a chronological recitation as to certain filings and events is necessary.

After filing this case on October 11, 2006, on October 26, 2006 the Debtor filed a document entitled Reaffirmation Agreement (paper no. 20). In fact, the document filed did not seek to reaffirm a pre-petition obligation of the Debtor in accordance with 11 U.S.C. § 524(c) but rather sought to employ post-petition an attorney named Joel Joseph without compliance with 11 U.S.C. § 327.[2]

A Status Conference was held on November 21, 2006 in the Chapter 11 case, as well as a hearing upon the "Reaffirmation Agreement." For the reasons set forth on the record, the court denied the Reaffirmation Agreement and determined that a deadline should be set for the filing of any plan or disclosure statement by the Debtor in the case. An Order Denying the Reaffirmation Agreement was entered on November 22, 2006 and no further document attempting to gain court approval of any counsel for Mr. Luther as a debtor-in-possession in the Chapter 11 case (as required by 11 U.S.C. § 327), has been filed in this case thereafter. Also, on November 28, 2006 an order was entered setting a deadline of February 8, 2007 for filing a Plan and Disclosure Statement (paper no. 84). Neither order has been the subject of any appeal.

On November 29, 2006, the debtor filed a document entitled Chapter 11 Plan of Reorganization (paper no. 92) but no Disclosure Statement. After review of the Plan, the court determined that the Plan was both insufficient as a substitute for a Disclosure Statement and as a

---

[2] It appears Mr. Joseph's employment was sought in conjunction with an appeal by the Debtor of a pre-petition securities fraud judgment entered against the Debtor in the Circuit Court for Carroll County.

3

matter of law could not be confirmed as a plan of reorganization in Chapter 11.[3]  Accordingly, the court sua sponte scheduled a hearing to determine whether or not the time within which a confirmation is permitted to occur should be extended as provided for in 11 U.S.C. §§ 1129(e) and 1121(e)(3).

At the hearing held on January 11, 2007 to determine whether there should be an extension for the time allowed to the debtor to confirm a Chapter 11 Plan, the debtor failed to appear and also failed to file any documents in support of such an extension.  As a consequence and as required by 11 U.S.C. § 1121(e)(3), no evidence meeting the preponderance standard having been submitted, the court entered an Order denying extension of confirmation deadline (paper no. 159).  The court also entered an Order to Show Cause as to why the case should not be dismissed or converted to a case under Chapter 7 (paper no. 168).  Meanwhile on December 29, 2006, Creditor, Branch Banking and Trust Company filed a Motion to Appoint a Chapter 11 Trustee or Examiner in the case.  The creditor's motion and the order to show cause were set to be heard on January 22, 2007.

On January 22, 2007, the hearing was conducted upon the Order to Show Cause as to why the case should not be dismissed or converted and the creditor's Motion to appoint a Trustee.  The debtor did not respond to the Order to Show Cause and did not appear at the hearing thereupon.  For the reasons set forth on the record, the court entered the Order Converting Case.[4]

---

[3]  The Chapter 11 bankruptcy case of Mr. Luther is a small business case as defined by 11 U.S.C. § 101(51)(D) and as indicated by Mr. Luther on his petition instituting the bankruptcy case.  Accordingly, pursuant to 11 U.S.C. § 1125(f), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, in a small business case the court may permit a plan to also be the disclosure statement if the plan contains sufficient information as required by 11 U.S.C. § 1125.  Further, the plan filed in a small business case must be confirmed within 90 days of the date of filing of the plan, unless extended upon compliance with the requirements of 11 U.S.C. § 1121(e)(3). 11 U.S.C. §1129(e).

[4]  A separate Order was entered denying the creditor's Motion to Appoint a Chapter 11 Trustee and Examiner (paper no. 189).

4

Prior to the entry of the Order Converting Case, the debtor noticed two appeals to the United States District Court for the District of Maryland, (paper nos. 176 and 179). These Notices of Appeal were as to orders denying motions to avoid liens held by Daimler Chrysler Financial Services America LLC and Branch Banking and Trust Company, respectively.[5]

Although the Debtor filed several pleadings subsequent to the entry of the Order Converting Case, including motions to stay the orders denying motions to avoid lien, no document addressing the Order Converting Case was filed of record until the filing by the Debtor on February 26, 2007 of a Motion to Stay Pending Appeal (paper no. 228), and an Application for Waiver of the Filing Fee for Notice to Appeal (paper no. 229). Paragraph 8 of the Motion for Stay Pending Appeal states: "Appellant Appeals the ' Order Converting Case from Chapter 11 to a Case Under Chapter 7, SUA SPONTE' entered in the United States Bankruptcy Court for the District of Maryland in Baltimore City on January 23, 2007." However, the "WHEREFORE" clause requests the court to:

"a. enter an order of stay; and

b. grant further relief as the nature of this cause may require."

Although the Motion for Stay Pending Appeal solely requested this court to enter an "order of stay," even if that document were treated as a Notice of Appeal, it was filed beyond the 10 days within which such notice is required to be filed, and beyond 30 days from the entry of the Order Converting Case, which is the maximum expansion of the appeal period which the court could have granted if requested.

On March 5, 2007, a hearing was conducted to consider two Motions for Relief from Stay

---

[5] Those appeals are now pending before the United States District Court for the District of Maryland and are the subject of reports and recommendations from this court recommending dismissal thereof for lack of subject matter jurisdiction due to the fact that the Notices of Appeal were filed after expiration of the required deadline for such appeals.

5

filed by Creditors Branch Banking and Trust Company and Daimler Chrysler Financial Services, America, LLC, as well as a motion filed by the Debtor to sell property known as 10205 Wincopin Circle, Unit No. 303[6] and a Motion to Avoid Lien as to property known as 7293 Jenna Drive.[7] During that hearing, the Debtor argued that this case should not be in Chapter 7 and asserted that he had appealed the Order Converting Case. Upon being informed by the court that no such Notice of Appeal was filed in the docket, the Debtor exhibited to the court drafts of a Notice of Appeal, Motion to Extend Time to Appeal Retroactively, and a draft order extending time to file Notice of Appeal. These documents contained blanks which were not filled in and were not signed and contained no indicia of filing. The Debtor stated that he had "copied them, filled them in" and filed them. For the reasons stated on the record at the hearing of March 5, 2007, the court denied Debtor's motions to sell property known as 10205 Wincopin Circle and 7293 Jenna Drive, granted the Motion for Relief from Stay filed by Branch Banking and Trust Company as to the Hummer H2 vehicle, and continued the hearing upon the Motion for Relief from Stay filed by Daimler Chrysler Financial Services, America LLC as to the Mercedes Benz vehicle.

On March 12, 2007, a hearing was held upon a pending motion by Wells Fargo Bank, seeking relief from stay to allow the state court to adjudicate a pending objection to ratification of the foreclosure sale upon the property known as 10205 Wincopin Circle and a Motion to Stay Pending Appeal as to an appeal by the debtor of the Order Denying Debtor's Motion to Avoid Lien of Branch Banking and Trust Company. The Debtor's Motion to Stay Pending Appeal of the Order Denying Motion to Avoid Lien was withdrawn by the Debtor on the record. The Motion for Relief

---

[6] A foreclosure sale of the Wincopin Circle property had been conducted by mortgagee, Wells Fargo Bank, NA, before the filing of the bankruptcy petition by the Debtor.

[7] A foreclosure sale of the Jenna Drive Property was conducted before the filing of the bankruptcy petition by creditor National City.

from Stay by Wells Fargo as to the Wincopin Circle property was granted to allow the determination by the state court of the disputed ratification.

On March 12, 2007, as recited at the beginning of this Memorandum of Decision, the Debtor filed numerous pleadings concerning an appeal to the United States District Court of the Order Converting Case. All of these pleadings are opposed by the Omnibus Opposition filed by the United States Trustee (paper no. 256). As to the Motion for Leave to Appeal (paper no. 250), such motion must be decided by the United States District Court. The Clerk of the United States Bankruptcy Court will transmit that motion, the United States Trustee's Omnibus Opposition, and this Memorandum of Decision to the United States District Court for its determination. This court observes, that the United States Trustee's Opposition argues that leave to appeal an order converting a case from Chapter 11 to a Chapter 7 is required as such order is assertedly an interlocutory order. The United States Trustee further argues that leave should be denied as the motion is untimely. However, it appears that the United States Court of Appeals for the Fourth Circuit has found that a conversion order is immediately appealable without the requirement of gaining leave. See, In re Fraidin, 110 F. 3d. 59 (4th Cir. 1997) (unpublished decision).

As to the Motion Seeking Retroactive Extension of Time to File Notice of Appeal, (paper no. 249), the Debtor asserts that he mailed a copy of a Notice of Appeal to the United States District Court within 10 days of the entry of the Order converting this case to Chapter 7. The Debtor then states "Debtor appeals the exclusivity order dated February 7, 2007 - converting the case to Chapter 7 on January 22, 2007." (The court notes that no Order was entered on February 7, 2007, concerning exclusivity or any other matter in this case). The Debtor's Motion Seeking Retroactive Extension further states that he filed a Notice of Appeal and Certificate of Appeal on February 22, 2007, in person, but the notice was not entered by the court. The debtor finally alleges that he filed a

7

Motion Seeking Retroactive Extension of Time to File Notice of Appeal on February 23, 2007 with one amendment, including a proposed Order on February 26, 2007.

There is no record of any filing of a Notice of Appeal within 10 days of the entry of the Order converting the case to a case under Chapter 7. Nor is there any record of any filing of a Notice of Appeal and "certificate of appeal" on February 22, 2007. Furthermore, the Debtor does not assert that he filed a notice of appeal within 10 days of the entry of the Order Converting Case. The Debtor (by unsworn statement) simply avers that he "mailed" one "copy" of such a Notice of Appeal within the 10 day period. As to the filings alleged to have occurred on February 22, 2007, there is no record of any filing of any document on that date. Even if such documents had been filed on that date, the Notice of Appeal would not have perfected an appeal of the Order Converting Case, entered January 23, 2007, as it would have been filed substantially after the mandatory deadline to confer jurisdiction on the appellate court. See Federal Rule of Bankruptcy Procedure 8002. Finally, as to Debtor's assertions that he filed a Motion Seeking Retroactive Extension of Time to File Notice of Appeal on February 23, 2007, again there is no record of any filing on that date of any pleading. Even if such a motion had been filed on February 23, 2007, this court could not grant such a retroactive extension as such extension can only be granted by this court upon a motion filed within 30 days of the date of entry of the underlying order and such extension is only for a maximum of 30 days from the date of entry of the order to be appealed. The 30th day following the date of entry of the Order Converting Case was February 22, 2007. As to the "one amendment" allegedly filed on February 26, 2007 as referred to in Debtor's Motion Seeking Retroactive Extension of Time to File Notice of Appeal (paper no. 249), two documents were filed by the Debtor on February 26, 2007. Neither is an amendment or other document referring to retroactive extension. Paper no. 229, filed February 26, 2007 is an Application for Waiver of Filing Fee for Notice of Appeal and paper no. 228

8

(filed the same date) is a Motion to Stay Pending Appeal.

Filed with this Memorandum of Decision is an Affidavit by Kenneth D. Ridgeway II, Acting Division Manager of the United States Bankruptcy Court for the District of Maryland, Baltimore Division. As stated in that Affidavit, the Court Clerk has instituted a diligent and exhaustive search of the Clerk's Office which has revealed there is no record or recollection of any appeal, motion for leave to appeal, or motion seeking extension of time to file an appeal, being filed in any manner prior to the filings of March 12, 2007. It therefore appears that there is no basis from which this court can conclude that there was a timely perfection of an appeal of the Order Converting Case. However, this court will defer to the United States District Court for the District of Maryland as dismissal of the appeal and will report and recommend to the United States District Court that the appeal noticed by the notices filed on March 12, 2007 (and allegedly noticed by prior filings) be dismissed as untimely.

This court denies the Motion Seeking Retroactive Extension of Time to File Notice of Appeal, which Motion was filed on March 12, 2007 (paper no. 249) as being filed out-of-time and stating insufficient basis. This court has no authority to grant a retroactive extension of the time to file a Notice of Appeal beyond the 30th day after the entry of Order from which the appeal would be taken. This court finds no credible evidence that any prior motion seeking extension or a prior filing of a Notice of Appeal was filed by the Debtor, for the reasons stated hereinabove.

As to the Applications for Waiver of Filing Fees for Notice to Appeal filed on February 25, 2007 (paper no. 229) and re-filed on March 12, 2007 (paper no. 254), this court finds no basis to grant such applications where it appears no appeal was perfected. These applications will therefore be denied.

As to the Motion to Stay Pending Appeal filed on February 26, 2007, this court considers

such Motion under the standards enumerated in Blackwelder Furniture Co. v. Seilig Mfg. Co., Inc., 550 F2d 189 (4th Cir. 1977) and Long v. Robinson, 432 F. 2d 977, 979 (4th Cir. 1970). Pursuant to these authorities, this court is to consider whether granting a stay of the Order Converting the Case would cause irreparable harm to the respondent/appellee, or to the contrary whether denying such motion would cause irreparable harm to the movant, appellant. Because the Debtor has failed to confirm a Chapter 11 plan in his small business case within the time permitted by statute, staying the conversion of this case to Chapter 7 would simply leave the case in a useless hiatus while creditors remained prejudiced by the automatic stay protecting the Debtor. This would expose creditors to the risk that the Debtor, remaining in possession under a Chapter 11 case, would dissipate assets, particularly as the Debtor in his application to waive filing fee for appeal, continues to assert that he has no income from which to pay the filing fee. Therefore, it is a reasonable conclusion that the Debtor could only pay living expenses during the hiatus by liquidating assets. Accordingly, the court finds that irreparable harm may be visited upon the bankruptcy estate by a stay of the Order Converting Case to a case. In addition, the court is to consider the merits of the appeal as a part of the test for a stay pending appeal. Here, where it appears that the appeal was not timely taken, there appears to be no merit. Even if the appeal had been timely perfected, given that the Debtor filed no opposition to the Order to Show Cause as to why the case should not be converted and failed to appear at the hearing thereupon and provide any basis for why the case should continue in a Chapter 11 after the expiration of the time within which the Debtor was required to confirm a plan, this court concludes that the Debtor's appeal is without substantive merit of any kind. Upon this finding the court will enter an Order denying the Motion for Stay Pending Appeal.

  Finally as to the Notices of Appeal, the Notices of Appeal filed on February 12, 2007, will be processed in accordance with the Federal Rules of Bankruptcy Procedure and transmitted to the

United States District Court for the District of Maryland at the conclusion of the time within which the parties may designate record. By a Report and Recommendation, this court will require that as a part of such record, a copy of this Memorandum of Decision and a Report and Recommendation recommending dismissal of the appeal be part of the record transmitted to the United States District Court.

cc:    Debtor(s)
       Debtor(s)' Counsel
       Trustee
       U.S. Trustee
       All Other Parties-In-Interest

**End of Order**